UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ROSZETTA M. McNEILL
_____/

ROSZETTA M. McNEILL,

        Appellant,                      Bkrptcy No. 06-42932-MBM
                                        HON. MARCI B. MCIVOR
vs.                                      Case No. 08-CV-10943
                                        HON. GEORGE CARAM STEEH
DAVID RUSKIN, Trustee

        Appellee.
_____/

<u>ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION (#3) AND
DENYING AS MOOT APPELLANT'S MOTION FOR LEAVE TO FILE
A DESIGNATION OF RECORD, STATEMENT OF ISSUES, AND
APPELLANT BRIEF (#7)</u>

      Debtor Roszetta McNeill, appearing <u>pro per</u>, moves for reconsideration of this court's April 14, 2008 Order dismissing her appeal under Bankruptcy Rule 8001(a) for failing to file and serve Trustee David Ruskin with a designation of the items to be included in the record on appeal, and a statement of the appellate issues, within ten days after she filed her February 29, 2008 notice of appeal. McNeill was notified of the filing and service requirements on March 5, 2008. This court was notified by the Clerk of the Bankruptcy Court on April 8, 2008 that a designation of record had not been filed, and that the time for filing such had expired.

      To prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). McNeill does not argue that the court erred in dismissing her appeal under

Bankruptcy Rule 8001(a), but instead asserts that she "inadvertently lost track" of the requirement because she was preparing "three additional briefs" in other state and federal lawsuits in addition to a writ of certiorari before the United States Supreme Court. McNeill also asserts that her "short term disability" limited her use of her right hand until April 14, 2008, attaching a $320.00 payment receipt from HFHS Nephrology to support her averment.

McNeill has failed to demonstrate that the court erred in dismissing her appeal. Contrary to McNeill's statement that she was unable to use her right hand until April 14, 2008, McNeill was admittedly able to prepare "three additional briefs" and file a writ of certiorari within the same time period. Since filing her notice of appeal on February 29, 2008, McNeill has not contacted this court until filing her April 21, 2008 motion for reconsideration. McNeill does not deny receiving notice that her appeal was subject to dismissal under Bankruptcy Rule 8001(a), but instead insists she "lost track" of her appeal due to her other pending state and federal lawsuits. McNeill has not shown that her appeal was dismissed as the result of palpable error. E.D. Mich. LR 7.1(g)(3). Accordingly,

Debtor Roszetta McNeill's motion for reconsideration is hereby DENIED. McNeill's April 21, 2008 motion for leave to file a designation of the items to be included, statement of facts, and appellant's brief is hereby DENIED as MOOT.

SO ORDERED.

Dated: April 30, 2008

    s/George Caram Steeh  
    GEORGE CARAM STEEH  
    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 30, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk